UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Brett Jones, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No: 23-mc-00026-ACR |
| | ) |
| Planet, et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Petitioner Brett Jones, also known as "Eeon," filed this miscellaneous action on behalf of "Kristina, et al, and Eeon, et al," against respondents both real and imaginary including "Planet, et al, et al; Doe's 1-20, et al [and] THE FEDERAL RESERVE, et al." Dkt. 1 (Motion to Enforce) at 1. For the reasons set forth below, the Court dismisses this action *sua sponte* without prejudice.

BACKGROUND

The nature of Jones' claims is unclear and much of his filings are illegible. As best the Court understands, Petitioner seeks "the enforcement of Presidential Administrative Order 2039 and the regulatory provisions of the Federal Reserve Act." *Id*. at 1, 14. He alleges that "tendering of the collateral security to the local Federal Reserve agent . . . constituted accord and satisfaction in the form of a 'bearer instrument,'" and asserts that such debt must be accepted and considered satisfied since there was a proper tender of payment. *Id.* at 3. Even if there was an outstanding debt, Petitioner argues, he should have the right to a verified statement of accounting. *Id.* Petitioner asks this Court to convert "the promissory note to a negotiable

1

instrument as valid and enforceable and impose penalties on the Federal Reserve and its agents for non-compliance." *Id.* at 14.

## LEGAL STANDARD

A district court "may *sua sponte* dismiss a claim pursuant to Rule 12(b)(6) without notice where it is patently obvious that the plaintiff could not possibly prevail based on the facts alleged in the complaint." *Jafari v. United States*, 83 F. Supp. 3d 277, 279 (D.D.C.), aff'd, 621 F. App'x 676 (D.C. Cir. 2015) (citing *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 127 (D.C. Cir. 2012)) (internal quotations and brackets removed). "[A] *pro se* litigant's complaint is held to a less stringent standard than formal pleadings drafted by lawyers." *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (citing *Redwood v. Council of the District of Columbia*, 679 F.2d 931, 933 (D.C. Cir. 1982)). But this standard "does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure or expect the Court to decide what claims a plaintiff may or may not want to assert." *Id*. (citations omitted).

Under Federal Rule of Civil Procedure 8(a) a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In other words, Rule 8(a) requires that the plaintiff "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (holding that the complaint must contain enough "factual matter" to suggest liability) (citation and alterations omitted). A plaintiff must assert enough facts to give the defendant "fair notice of the claim being asserted so as to permit the [defendant] the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (citation omitted).

## ANALYSIS

Jones' petition does not meet the Rule 8 pleading standard. His factual allegations are unclear—as is both the legal theory ostensibly providing the basis for the petition and the legitimacy of the named Respondents. Some of the respondents Jones identifies, e.g., "Planet", are not legitimate respondents. As to those respondents who are legitimate, he has not given them "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Moreover, it appears that this case was improperly filed as a miscellaneous case. Miscellaneous cases include "(a) actions to perpetuate testimony as in Rule 27, Federal Rules of Civil Procedure; (b) actions to enforce administrative subpoenas and summonses; (c) proceedings ancillary to an action pending in another district; (d) supplementary proceedings brought in aid of execution; (e) motions for return of property in criminal proceedings; and (f) requests for judicial assistance." *Matter of Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 300 F. Supp. 3d 61, 69, n.4 (D.D.C. 2018) (citing Local Civil Rules ("LCvR") 40.3(a)(1) n.1, 57.10(a)(1) n.3). Further, miscellaneous cases may "relate[] to a bankruptcy case or proceeding," *id*. (citing LCvR 403.3(c)(2)(iii)), may include a "motion or application filed in connection with a grand jury subpoena or other matter occurring before a grand jury," *id*. (citing LCrR 6.1), and may include "[a]ny news organization or other interested person, other than a party or a subpoenaed witness, who seeks relief relating to any aspect of the proceedings in a criminal case." *Id*. (citing LCrR 57.6). Assuming that Jones intended to address a loan agreement or bank transaction, a miscellaneous action is not the proper judicial vehicle to resolve this dispute.

Finally, while Jones may appear *pro se*, he is not authorized to seek relief on behalf of other litigants. *See* 28 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases personally or by counsel."); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (rejecting *pro se* party's attempt to represent other parties).

## CONCLUSION

For the reasons set forth above, this court hereby DISMISSES this action *sua sponte* without prejudice.

DATE: April 25, 2023

_____
Ana C. Reyes
United States District Judge